UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA DAVIS,

Plaintiff,

v. Case No. 6:25-cv-1118-ACC-CAB

DOLLAR TREE STORES, INC.,

Defendant.

---

**ORDER**

This cause comes before the Court following a show cause hearing held in this case on September 29, 2026 (the "Show Cause Hearing").

On September 11, 2026, Defendant moved to compel depositions in this case. (Doc. 28). In its motion, Defendant explained that Plaintiff's counsel had failed to respond to a series of emails from defense counsel seeking to obtain deposition dates. (*Id.* at 1–2). Defendant requested that the Court compel Plaintiff to provide deposition dates, or in the alternative to strike the testimony of some of Plaintiff's witnesses. (*Id.*). On September 14, 2026, Defendant moved to compel Plaintiff's responses to Defendant's Second Set of Interrogatories and Defendant's Second Set of Requests for Production. (Doc. 30 at 1–2). In that motion, Defendant explained that responses for those requests had been due on August 24, 2026, but had not yet been produced by Plaintiff. (*Id.*). The Court set a motions hearing for the two motions for September 21, 2026 (the "Motions Hearing").

Pursuant to the Court's Order on Discovery Motions (Doc. 4), Plaintiff's responses to the two motions filed by Defendant were due on or before September 16, 2026, and September 19, 2026, respectively. Plaintiff failed to file a response to either motion.

Michael Paul Patrick—who at the time was the only attorney who had made an appearance in the case for Plaintiff—failed to appear at the Motions Hearing on September 21, 2026. Nor did any other counsel appear for Plaintiff. At the Motions Hearing, defense counsel indicated that she was informed several months ago that moving forward, Plaintiff would be represented by Eric Deming. Defense counsel represented that she had been in touch with Mr. Deming off and on throughout the last several months. Defense counsel also represented that she provided Mr. Deming and his staff with notice of the Motions Hearing via email. Defense counsel further indicated that she has repeatedly informed Mr. Deming and his staff that he still needed to make an official appearance in this case.

Following the Motions Hearing, the Court granted much of the relief requested by Defendant in its discovery motions. (*See* Doc. 35). In addition, the Court issued an order directing Mr. Deming[1] to show cause as to why he should not be sanctioned personally, or held in contempt of Court, for failure to appear at the Motions Hearing.

---

[1] The Order to Show Cause (Doc. 36) was also issued with respect to Mr. Patrick. However, the Court subsequently learned, as confirmed by Mr. Deming in Court on September 29, 2026, that Mr. Patrick is no longer an attorney due to serious medical issues, and that the case was transferred to Mr. Deming months ago. The Order to Show Cause thus will be discharged with respect to Mr. Patrick.

(Doc. 36). The Court further ordered Mr. Deming to file a written response on or before September 23, 2026, and to appear before the undersigned on September 29, 2026, for a show cause hearing. (*Id.*). The Court not only filed the Order to Show Cause on the docket on September 21, 2026, but also that same day caused copies of it to be mailed to Mr. Deming at his law firm and emailed to him at the email address that he has listed on the Florida Bar website.

Mr. Deming failed to file a written response by the deadline on September 23, 2026. Accordingly, on September 24, 2026, a member of the court's staff reached out to Mr. Deming via phone to ascertain whether he would be responding to the Order to Show Cause. On September 25, 2026, Mr. Deming filed an appearance in the case, as well as his response to the Order to Show Cause. (*See* Docs. 37, 38). In his response, Mr. Deming indicates that his failure to file a notice of appearance after the case was transferred to him was an "oversight" and that he "did not see" certain documents emailed to him by defense counsel. (Doc. 38 at 2). He further acknowledged his lack of responsiveness regarding the scheduling of depositions, and committed that he will make his best efforts to remedy the issue. Finally, Mr. Deming indicated that as of September 25, 2026, he had served Defendant with the discovery responses that were the subject of Defendant's second motion to compel. (*See* Doc. 38).

In both his written response, and his response at the Show Cause Hearing, Mr. Deming acknowledged that his lack of responsiveness to Plaintiff's discovery requests, and his failure to appear at the Motions Hearing, were unacceptable. (*See* Doc. 38 at 2). At the Show Cause Hearing, Mr. Deming also indicated that the lack of

responsiveness was of his own doing and not due to any fault of Plaintiff. He further indicated that he has taken steps to make sure his behavior does not repeat itself.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that where discovery motions are granted, as they were here, the Court should, subject to certain exceptions, order the opposing party or its attorney to pay the movant's expenses and attorney's fees:

> If the [discovery] motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party ***or attorney*** advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

At the Show Cause Hearing, the Court discussed Federal Rule of Civil Procedure 37(a)(5)(A) with Mr. Deming, including its three exceptions, and provided him with an opportunity to be heard as to why he should not personally be required to pay Defendant's expenses and attorney's fees incurred in bringing the discovery motions filed on September 11, 2026, and September 14, 2026. Mr. Deming conceded that he did not believe that any of the three exceptions applied. In addition, he suggested that the conduct necessitating the motions was his own fault, and not the

fault of his client. The Court thus finds that Mr. Deming should be sanctioned and held personally responsible for paying Defendant's "reasonable expenses incurred in making the motion[s], including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's counsel, Eric Deming, is ordered to personally pay Defendant's reasonable expenses incurred in bringing and litigating the discovery motions filed at Docket Nos. 28 & 30. The Parties should confer regarding the amount of reasonable expenses and the deadline for Mr. Deming's payment of those expenses. **On or before October 7, 2026**, Defendant should file a motion setting forth the amount of expenses for which Defendant is seeking payment. In that motion, Defendant should indicate whether the motion is opposed or unopposed with respect to the amount of the expenses and the deadline for payment. If the motion is opposed, Mr. Deming is ordered to file his response to the motion **on or before October 14, 2026**.
2. The Court's Order to Show Cause (Doc. 36) is **DISCHARGED** as to Michael Paul Patrick.
3. The Clerk of Court is **DIRECTED** to terminate Michael Paul Patrick as counsel in this case.

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record